Case 1:24-cv-03613-JPB    Document 4-7    Filed 09/06/24    Page 1 of 2

## Exhibit #8: Congressional Record for S. 2173

are heartily in favor of it, as are the historical commissions of the country. The bill is very warmly indorsed.

Mr. SMOOT. Was this bill referred to the department for a report?

Mr. RALSTON. I do not know to what extent the committee investigated it.

Mr. SMOOT. The reason why I ask the Senator the question is that we have had two or three bills along similar lines that would have cost the Government hundreds of thousands of dollars. I should like to have some kind of a report from the department as to what this would cost. I see that the initial appropriation is but $25,000, but that is no indication of what the ultimate cost of the collection of this information will be.

Mr. RALSTON. Would the Senator have any objection to the adoption of this amendment?

Mr. SMOOT. I will ask that the bill go over to-day, and in the meantime I will write to the department and ask them if they have any real information as to what it will cost.

The PRESIDING OFFICER. Objection is made, and the bill will be passed over.

### ESTATE OF JOHN FRAZER, DECEASED

The bill (S. 2320) to give the Court of Claims jurisdiction to hear and adjudge the claims of the estate of John Frazer, deceased, and others, was considered as in Committee of the Whole.

The bill had been reported from the Committee on Claims with an amendment, on page 1, line 7, after the word "deceased," to strike out "John" and insert "John," so as to make the bill read:

*Be it enacted, etc.,* That jurisdiction be, and is hereby, given to the Court of Claims (notwithstanding any statutory bar of limitations or otherwise) of the claims of the estate of John Frazer, deceased; Nathaniel Kingsby, deceased; John Butch, deceased; John Underwood, deceased; and Stephen Vanamell, deceased, known as east Florida claims and which were the subject of and provided for in the treaty of 1819 between the United States and Spain, to provide for the complete execution of the ninth article of the said treaty, with power to find the facts therein and to render judgment against the United States in accordance with the law of nations for the unpaid portion or residue of the awards as made for said claimants by the judges of the superior court of St. Augustine, in the Territory of Florida; and by the judge of the District Court of the United States for the Northern District of Florida, under and by virtue of the acts of Congress passed to carry into effect the ninth article of said treaty; *Provided,* That no recovery shall be had on said claims or any one of them for interest or damages accruing subsequent to the awards made thereon by the superior court of St. Augustine, in the Territory of Florida, and by the judges of the District Court of the United States for the Northern District of Florida.

SEC. 2. That in considering the said claims the Court of Claims is directed to consider the findings of the fact and all evidence submitted to and now on file within the United States or of record with and on which said awards were in whole or in part based.

The amendment was agreed to.

The bill was reported to the Senate as amended, and the amendment was concurred in.

The bill was ordered to be engrossed for a third reading, read the third time, and passed.

### MARGARET R. KNAPP

The bill (S. 2794) for the relief of Margaret R. Knapp was considered as in Committee of the Whole and was read, as follows:

*Be it enacted, etc.,* That the Secretary of the Treasury be, and he is hereby, authorized and directed to pay to Margaret R. Knapp, out of any money in the Treasury not otherwise appropriated, the sum of $2,000 for injuries sustained by her while in the performance of her duties as a clerk in the Quartermaster Corps.

The bill was reported to the Senate without amendment, ordered to be engrossed for a third reading, read the third time, and passed.

### AUGUSTA REITER

The bill (S. 1010) for the relief of Augusta Reiter was considered as in Committee of the Whole.

The bill had been reported from the Committee on Claims with amendments, on page 1, line 4, after the word "pay," to insert "out of any money in the Treasury not otherwise appropriated"; and in line 10, after the words "sum of," to strike out "$3,788.75" and insert "$3,288.75," so as to make the bill read:

*Be it enacted, etc.,* That the Secretary of the Treasury to, and he hereby is, authorized and directed to pay, out of any money in the Treasury not otherwise appropriated, to Augusta Reiter, who was se-

---

riously injured by being run over in the city of San Francisco, Calif., on the 9th day of December, 1912, by a postal automobile truck while in charge of an employee of the United States Post Office Department in the discharge of his duties, the sum of $3,288.75 in full compensation and satisfaction for said injuries.

The amendments were agreed to.

The bill was reported to the Senate as amended, and the amendments were concurred in.

The bill was ordered to be engrossed for a third reading, read the third time, and passed.

### FEES OF CLERKS OF DISTRICT COURTS

The bill (S. 2173) to provide fees to be charged by clerks of the district courts of the United States was considered as in Committee of the Whole, and was read, as follows:

*Be it enacted, etc.,* That the fees hereinafter provided for, and no others, shall be charged and collected by clerks of the district courts of the United States for services performed by them or their assistants: *Provided,* That all laws or parts of laws inconsistent or repugnant to the provisions of this act are hereby repealed; but nothing in this act shall repeal or in any way enlarge or modify the provisions of the act of July 28, 1892 (27 U. S. Stat L. p. 252), as amended by the act of June 25, 1910 (36 U. S. Stat. L. p. 866), and the act of June 27, 1922 (42 U. S. Stat. L. p. 666): *Provided further,* That the United States shall not be required to pay any sum or fee herein provided for.

SEC. 2. Upon the institution of any suit or proceeding, whether by original process, removal, indictment, information, or otherwise, there shall be paid by the party or parties so instituting such suit or proceeding, as fees of the clerk for all services to be performed by him in such case or proceeding, except as hereinafter provided, the sum of $5.

SEC. 3. Upon the filing of any answer or paper joining issue, or the entering of an order for trial, there shall be charged and collected by the clerk from the party or parties filing any such answer or paper, for services performed and to be performed by said clerk in said case or proceeding the further sum of $5: *Provided,* That after one fee, as hereinbefore provided in this section, has been paid by any defendant, cross petitioner, intervenor, or party, other defendants, cross petitioners, intervenors, or parties, separately appearing or filing any answer or paper in said suit or proceeding, shall pay a further fee of $2 for each answer or paper so filed: *Provided further,* That in any criminal case, upon the entering of a plea of not guilty by any defendant, there shall be charged and taxed in the costs of said case a fee of $5 for each defendant entering such plea, but the clerk shall not be required to account for any such fee not collected by him.

SEC. 4. Upon the entry of any judgment, decree, or final order of the court in any suit or proceeding there shall be charged and collected by the clerk from the prevailing party or parties as an additional fee for services performed and to be performed in said suit or proceeding the further sum of $5: *Provided, however,* That in any criminal case the clerk shall not be required to account for any such fee not collected by him.

SEC. 5. Upon the filing of any petition for appeal or writ of error to any circuit court of appeals or the Supreme Court of the United States there shall be charged and collected by the clerk from the party or parties prosecuting such appeal or writ of error an additional fee in said suit or proceeding of $5.

SEC. 6. Upon the filing of any petition or application for a writ of habeas corpus, or appeal from a deportation order of a United States commissioner, there shall be charged and collected by the clerk from the petitioner or applicant as full payment for all services performed or to be performed by him in said proceeding the sum of $5: *Provided,* That if an appeal is prosecuted from the order of the district court in said proceedings, then and in that event the additional sum of $5, as provided in section 4 of this act, shall be charged and collected by the clerk.

SEC. 7. For each additional trial or final hearing, upon a retrial by a circuit court of appeals or the Supreme Court of the United States, or following a disagreement by a jury or the granting of a new trial or rehearing by the court, there shall be charged and collected by the clerk from the party or parties securing such retrial, new trial, or rehearing, or from the plaintiff or plaintiffs in the event of a disagreement, the further sum of $5: *Provided, however,* That the clerk shall not be required to account for any such fee not collected by him in any criminal case: *Provided further,* That nothing herein contained shall prohibit the court from directing by rule or standing order the collection at the time the services are rendered of the fees herein enumerated from either party, but all such fees shall be taxed as costs in the respective cases.

SEC. 8. That in addition to the fees for services rendered in cases hereinbefore enumerated, the clerk shall charge and collect for miscellaneous services performed by him and his assistants, except when on behalf of the United States, the following fees:

1. For issuing any writ or a subpoena (as a witness, not in a case instituted or pending in the court from which it is issued, and filing and entering the return of the marshal thereon, 50 cents.

3. For filing and indexing any paper, not in a case or proceeding, 15 cents.

4. For administering an oath or affirmation, not in a case or proceeding pending in the court where the oath is administered, 10 cents.

5. For an acknowledgment, certificate, affidavit, or countersignature, with seal, 20 cents.

6. For taking and certifying depositions to file, 20 cents for each page of 100 words, and if taken stenographically, 15 cents per folio additional for the stenographer.

7. For a copy of any record, entry, or other paper, and the comparison thereof, 15 cents for each folio of 100 words.

8. For filing praecipe or requisition and searching the records of the court for judgments, decrees, or other instruments or suits pending, or bankruptcy proceedings, including the certifying of the results of such search, 60 cents for the first name and 25 cents for each additional name entered in the certificate.

9. For receiving, keeping, and paying out money in pursuance of any statute or order of court, including cash bail or bonds or securities authorized by law to be deposited in lieu of other security, 1 per cent of the amount so received, kept, and paid out, or of the face value of such bonds or securities.

10. For receiving a record of surety companies and bonds thereof, 15 cents for each folio of 100 words.

11. For preparation and mailing notices in bankruptcy, 10 cents each for the first 20 notices and 5 cents for each additional notice. Provided, That this fee shall cover and include all services and expenses in connection therewith: Provided further, That such fee shall not be deemed to be included in any other fee for services in bankruptcy proceedings.

12. For making and comparing a transcript of record on appeal or writ of error when required or requested, 15 cents for each folio of 100 words.

13. For comparing any transcript, copy of record, or other paper not made by the clerk with the original thereof, 5 cents for each folio of 100 words.

14. For making a final record in any case at the request of either party or upon order of court in a particular case, 15 cents for each folio of 100 words: Provided, however, That when any such final record is made upon order of court the fees therefor shall be taxed in the costs of the case.

15. For admission of attorneys to practice, $1 each; for certificate of admission to be furnished upon request, $2 additional.

16. For making any record not in a case and not provided for in this act, 15 cents for each folio of 100 words.

Sec. 3. That this act shall become and be in force and effect on and after July 1, 1924.

Mr. ROBINSON. Mr. President, I think the author of this bill—who, I see, is present—should explain the changes that are made in the fees now authorized by law.

Mr. PEPPER. Mr. President, I shall be very glad to do that.

The change contemplated by this bill is not a change in the amount of the fees, but merely in the method of handling the fees in the offices of clerks of the courts of the United States. At present a certain small fee is charged at the inception of a writ or the origin of a suit, and another small fee at each one of the successive stages of the suit; and in a typical case it will appear that about 75 or 100 entries are necessary to be made in the clerk's book of accounts showing the receipt of each one of the small charges which are on the schedule. This measure proposes to consolidate the items into four charges, each of $5, the first one payable when the suit is begun, the second payable when the case is at issue, the third payable at the stage of judgment, and the fourth payable if and when an appeal is taken or a writ of error is sued out. It is recommended, as are the bills following it on the calendar, by a responsible organization known as the Federal Clerks' Association, composed of the clerks of the Federal courts throughout the country; and this, with the following measures, is recommended by the Department of Justice as tending to simplicity of accounting and the convenience of practitioners. It makes no substantial change in the amount of the fees; it merely simplifies the method of paying them.

Mr. WALSH of Montana. Mr. President, as I understand the Senator, in every case the fees amount to $20, and the fees on an appeal to $25?

Mr. PEPPER. Not quite so. In every case the first fee charged will be $5 when the suit is begun. If it is not pressed to issue, nothing further is payable. In that event no further fee would be charged. If it is at issue, a further fee of $5 is payable when the case is ripe for trial. If it is tried and proceeded with to judgment, a third fee of $5 is payable; and the fourth fee is payable if and when an appeal is taken.

Mr. WALSH of Montana. That would be $15 in the case of a case at issue, and $20 in the case of an appeal?

Mr. PEPPER. Yes, sir.

Mr. WALSH of Montana. What would the fees be in case of a default—the case not being brought to issue, but a default taken?

Mr. PEPPER. The initial fee in every case would be $5, and if the case went by default that would be the only fee chargeable.

Mr. WALSH of Montana. Would there be no charge for entering the judgment?

Mr. PEPPER. I have forgotten, sir, whether there is a special provision in that case or not. I think there would be an additional fee of $5 for judgment in cases of default.

Mr. ROBINSON. Yes; section 4 provides:

Upon the entry of any judgment, decree, or final order of the court in any suit or proceeding there shall be charged and collected by the clerk, from the prevailing party or parties, as an additional fee for services performed and to be performed in said suit or proceeding, the further sum of $5: Provided, however, That in any criminal case the clerk shall not be required to account for any such fee not collected by him.

Mr. PEPPER. That is correct.

Mr. ROBINSON. Why is the clerk authorized to collect a fee of $5 from a defendant filing an answer, and from each defendant, in addition to the first $2? It would seem that such a fee is excessive.

Mr. PEPPER. I can not make any statement of fact of my own knowledge respecting the amount of fees that would be charged under the present schedule; but I am assured by the responsible officers of the Court Clerks' Association that this makes no appreciable or substantial difference in the way of increasing amounts over the amounts as at present charged. It is merely a question of simplifying the method of payment.

Mr. ROBINSON. Section 3 provides that—

Upon the filing of any answer or paper joining issue, or the entering of an order for trial, there shall be charged and collected by the clerk from the party or parties filing any such answer or paper for services performed and to be performed by said clerk in said case or proceeding the further sum of $5: Provided, That after one fee, as hereinbefore provided in this section, has been paid by any defendant, cross petitioner, intervenor, or party, other defendants, cross petitioners, intervenors, or parties, separately appearing or filing any answer or paper in said suit or proceeding, shall pay a further fee of $2 for each answer or paper so filed: Provided further, That in any criminal case, upon the entering of a plea of not guilty by any defendant, there shall be charged and taxed in the costs of said case a fee of $5 for each defendant entering such plea, but the clerk shall not be required to account for any such fee not collected by him.

Mr. PEPPER. That is correct, Mr. President; but I take it that that $5 fee payable in the criminal case is not by way of addition but by way of substitution. In other words, the first provision is for a fee on the filing of a pleading in a civil proceeding.

Mr. ROBINSON. Oh, clearly; and the latter relates to a plea by the defendant in a criminal case.

Mr. PEPPER. That is correct.

The PRESIDING OFFICER (Mr. WILLIS in the chair). The time of the Senator from Pennsylvania has expired. The bill is before the Senate as in Committee of the Whole and open to amendment. If there be no amendment to be proposed, the bill will be reported to the Senate.

The bill was reported to the Senate without amendment, ordered to be engrossed for a third reading, read the third time, and passed.

**FEES OF CLERKS OF DISTRICT COURTS IN NATURALIZATION PROCEEDINGS**

The bill (S. 2174) to provide for accounting by clerks of United States district courts of fees received by them in naturalization proceedings was considered as in Committee of the Whole, and was read, as follows:

Be it enacted, etc., That section 13 of the act of June 29, 1906 (34 Stat. L. p. 600), be, and the same is hereby, amended to the extent that hereafter clerks of United States district courts shall account for and report to the Attorney General all fees and emoluments earned and received by them in naturalization proceedings under the provisions of the above-mentioned section instead of to the Bureau of Immigration and Naturalization, and such fees shall be paid over and deposited as are all other fees and emoluments earned, collected, and received by said clerks.

Mr. ROBINSON. Mr. President, let us understand what change this bill effectuates in the present method of accounting for fees.

Mr. PEPPER. Mr. President, this bill merely reduces the amount of bookkeeping to be done in the offices of the clerks